**UNITED STATES of America, Appellee,**

v.

**Brian A. MOLLER–BUTCHER, et al., Defendants, Appellees.**

**M.E.S. Equipment, Inc., Defendant, Appellant.**

**Nos. 83–1477, 83–1549.**

United States Court of Appeals, First Circuit.

Argued Nov. 10, 1983.

Decided Dec. 22, 1983.

Peter J. Kurshan, New York City, with whom Herbert Rubin and Herzfeld & Rubin, P.C., New York City, were on brief, for defendant, appellant.

Joan C. Stanley, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for the U.S.

Before COFFIN, Circuit Judge, SWYGERT,* Senior Circuit Judge, and BOWNES, Circuit Judge.

SWYGERT, Senior Circuit Judge.

Brian Moller-Butcher and M.E.S. Equipment, Inc., a New York corporation wholly owned and operated by Moller-Butcher, were indicted on February 18, 1982. In response to defendants' motion to dismiss the indictment, a superseding indictment was handed up on April 2, 1982. Defendants were charged with violations of the Export Administration Act, 50 U.S.C. app. §§ 2401–2420 (Supp. V 1981), and 18 U.S.C. § 1001 (1982).

The Export Administration Act authorizes the Executive branch "to restrict the export of goods and technology which would make a significant contribution to the military potential of any other country or combination of countries which would prove detrimental to the national security of the United States." 50 U.S.C. app. § 2402(2)(A). Under the regulatory scheme, the Secretary of Commerce identifies the goods to be restricted and places them on a Commodity Control List. A validated license must be obtained from the Commerce Department before exporting goods placed on the Commodity Control List to designated countries. *Id.* §§ 2404–05. The exportation of listed goods without a validated license is punishable as a felony. *Id.* § 2410. The indictment charged Moller-Butcher d/b/a M.E.S. Equipment, Inc. ("M.E.S.") with having exported listed items without obtaining validated licenses, and with filing false statements with the Department of Commerce and United States Customs Service.

Pretrial motions and orders were completed in the case, and trial was called on May 16, 1983. M.E.S. appeared on the date of trial, but Moller-Butcher, through counsel, refused to appear. On May 20, 1983, the district court granted leave to the United States Attorney to file a dismissal without prejudice against M.E.S. pursuant to Fed.R.Crim.P. 48(a). The government claimed that, given the projected length and cost of the trial, it was in the public interest to forego trial of the corporation until its fugitive chief officer could be found.

M.E.S. seeks in this appeal to have the indictment dismissed with prejudice. M.E.S. claims that: (1) the district court abused its discretion in dismissing the indictment without prejudice; (2) trial was not commenced within the time limits set forth under the Speedy Trial Act; (3) the superseding indictment should have been dismissed for failure to state an offense against M.E.S. and failure to afford M.E.S. notice of the charges against it; (4) the search warrant executed for documents held by M.E.S. was overly broad; and (5) M.E.S.'s motion for discovery of certain government documents should have been granted. We find that M.E.S. raises no claims that are ripe for appellate review at this time.

■ First, absent extraordinary circumstances, a defendant has no standing to appeal the dismissal of an indictment. In *Parr v. United States,* 351 U.S. 513, 76 S.Ct.

912, 100 L.Ed. 1377 (1956), the Supreme Court explained that a defendant is not injured by the dismissal of an indictment without prejudice pursuant to Fed.R. Crim.P. 48(a). "The testing of the effect of the dismissal order must abide petitioner's trial, and only then, if convicted, will he have been aggrieved." *Id.* at 517, 76 S.Ct. at 915; *accord United States v. Lanham,* 631 F.2d 356, 358 (4th Cir.1980). If M.E.S. is not reindicted, it will never have suffered injury as a result of the dismissal. If, on the other hand, M.E.S. is reindicted, then the dismissal is an intermediate step in the prosecution which may be reviewed only after final judgment in the case. *See Parr v. United States, supra,* 351 U.S. at 518–19, 76 S.Ct. at 916.

▆▆▆ The other claims raised by M.E.S. are objections to nonfinal orders of the trial court, which this court, by statute, is without jurisdiction to review. 28 U.S.C. § 1291 (1976). The exclusion of time under the Speedy Trial Act is an interlocutory order which is reviewable only after a conviction. *See United States v. Grabinski,* 674 F.2d 677, 680 (8th Cir.), *cert. denied,* 459 U.S. 829, 103 S.Ct. 67, 74 L.Ed.2d 67 (1982); *United States v. Mehrmanesh,* 652 F.2d 766, 768–70 (9th Cir.1980); *cf. United States v. MacDonald,* 435 U.S. 850, 856–61, 98 S.Ct. 1547, 1550–53, 56 L.Ed.2d 18 (1978) (alleged violation of sixth amendment right to speedy trial not appealable before judgment). Similarly, denials of motions to suppress evidence and requests for discovery are not appealable before judgment. *See United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 264, 102 S.Ct. 3081, 3082, 73 L.Ed.2d 754 (1982) (per curiam) (motion to dismiss indictment); *United States v. Sorren,* 605 F.2d 1211, 1215 (1st Cir.1979) (request for discovery). Finally, appellant's claim regarding the search warrant is, in essence, an objection to the district court's denial of a motion to suppress the seized evidence. If M.E.S. was seeking only a return of its property, we could review that claim at this time, *see DiBella v. United States,* 369 U.S. 121, 131–32, 82 S.Ct. 654, 660–61, 7 L.Ed.2d 614 (1962), but no claim for a return of the documents was ever

made by M.E.S. A denial of a motion to suppress evidence is not appealable before judgment. *See id.* at 129–31, 82 S.Ct. at 659–60.

Special considerations generated in particular cases have compelled the judicial creation of a so-called collateral order exception to the finality rule. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); *United States v. Sorren, supra,* 605 F.2d at 1213. No such special concerns are implicated in this case. Most importantly, M.E.S. asserts no "right which would be 'lost, probably irreparably' if review had to await final judgment," *Abney v. United States,* 431 U.S. 651, 658, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977). M.E.S. will have an opportunity to present all of its claims before this court if and when it stands convicted of the crimes charged.

In addition, the district court determinations are neither "fully consummated" nor wholly collateral to the main dispute, *United States v. MacDonald, supra,* 435 U.S. at 859, 98 S.Ct. at 1552. M.E.S. will be able to renew its attacks on the alleged lack of speed in bringing this case to trial, the indictment, the use by the government of seized documents, and the denial of discovery of government documents if and when trial resumes in the district court. The district court, upon reconsideration or after the development of additional evidence at trial, could decide to amend its present rulings. Moreover, if M.E.S. is never reindicted or is tried and acquitted, its claims will be largely vindicated. *See id.* Thus, review of some or all of appellants' claims may be ultimately unnecessary and, in any event, should be postponed until the record is fully developed.

Finally, M.E.S. raises issues primarily involving the proper exercise of the trial court's discretion. The rulings challenged in this case are everyday fare in the district courts. M.E.S. raises no important and unsettled questions of law which this court feels compelled to address at this time. *See*

*United States v. Sorren, supra,* 605 F.2d at 1213.

 The requirements of injury and finality serve important ends including the promotion of the fair and effective administration of justice, discouragement of undue litigiousness, and avoidance of unnecessary and piecemeal review. *DiBella v. United States, supra,* 369 U.S. at 124, 82 S.Ct. at 656; *Parr v. United States, supra,* 351 U.S. at 519, 76 S.Ct. at 916. *United States v. Sorren, supra,* 605 F.2d at 1213. These ends are well served by our decision to dismiss the present appeal.

The appeals are dismissed.