**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**CRAWFORD ENTERPRISES,**
**INC., Defendant,**

**George S. McLean,**
**Defendant-Appellant.**

**No. 84–2639.**

United States Court of Appeals,
Fifth Circuit.

March 14, 1985.

George S. McLean, pro se.

Daniel K. Hedges, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., Herbert J. Miller, Jr., Mervyn Hamburg, Atty., Appellate Section, Crim. Div., Washington, D.C., for plaintiff-appellee.

Before CLARK, Chief Judge, GARWOOD and JOLLY, Circuit Judges.

BY THE COURT:

George S. McLean appeals, seeking review of the trial court's denial of his motion to dismiss count 1 of the indictment against him based on a Speedy Trial Act violation. *See United States v. McLean*, 738 F.2d 655 (5th Cir.1984) (affirming dismissal of other counts). The United States moves to dismiss the appeal.

In *United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), the Supreme Court states that immediate review of such a claim is unavailable because it is neither necessary to preserve the issue nor appropriate as an exception to the general rule prohibiting piecemeal litigation in criminal matters. McLean would distinguish *MacDonald* on the basis that it dealt with the sixth amendment right to a speedy trial rather than a right to dismissal conferred by the Speedy Trial Act. This is wrong. Nothing in the Speedy Trial Act indicates that Congress sought to permit interlocutory review. The reasoning of the Supreme Court, although bottomed upon the sixth amendment, is equally apropos to a speedy trial claim based on statute. Such a claim fails to meet the test for excepting situations from the general rule against interlocutory review in criminal matters. See *McDonald, supra*, Part III.

Five other circuits have denied interlocutory review of a rejection of a Speedy Trial Act claim. *United States v. Moller-Butcher*, 723 F.2d 189, 191 (1st Cir.1983); *United States v. Mulherin*, 710 F.2d 731, 743 (11th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 1305, 79 L.Ed.2d 703 (1984); *United States v. Grabinski*, 674 F.2d 677, 678 (8th Cir. en banc), *cert. denied*, 459 U.S. 829, 103 S.Ct. 67, 74 L.Ed.2d 67 (1982); *United States v. Bilsky*, 664 F.2d 613, 615–619 (6th Cir.1981); *United States v. Mehrmanesh*, 652 F.2d 766, 769–70 (9th Cir.1981).

In the alternative, McLean seeks mandamus relief directing the district court to dismiss the indictment. Such a writ cannot substitute for an appeal. As an extraordinary remedy, mandamus is reserved "for really extraordinary cases." *Ex parte Fahey*, 332 U.S. 258, 260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 (1947). "Such writs may go only in aid of appellate jurisdiction. 28 U.S.C.A. § 1651. The power to issue them is discretionary and it is sparingly exercised. * * * This is not a case where a court has exceeded or refused to exercise its jurisdiction, see *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185, nor one where appellate review will be defeated if a writ does not issue, cf., *Maryland v. Soper*, 270 U.S. 9, 29–30, 46 S.Ct. 185, 189, 70 L.Ed. 449. Here the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction.

**1274**

The extraordinary writs do not reach to such cases; they may not be used to thwart the congressional policy against piecemeal appeals." *Parr v. United States,* 351 U.S. 513, 520, 76 S.Ct. 912, 917, 100 L.Ed. 1377 (1956).

IT IS ORDERED that the motion of the United States to dismiss the appeal is GRANTED. The request of George S. McLean for a writ of mandamus is DENIED.