UNITED STATES of America, Appellee,

v.

Schnejer Zalman GURARY and Nochum Sternberg, Defendants-Appellants.

No. 1436, Docket 86–1209.

United States Court of Appeals, Second Circuit.

Argued May 27, 1986.

Decided June 16, 1986.

Nathan Lewin, Washington, D.C. (Stephen L. Braga, Miller, Cassidy, Larroca & Lewin, Washington, D.C., on brief), for defendants-appellants.

Paul E. Summit, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Stuart E. Abrams, Asst. U.S. Atty., New York City, on brief), for appellee.

Before FEINBERG, Chief Judge, and NEWMAN and KEARSE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The Speedy Trial Act normally requires return of an indictment within thirty days after a defendant has been arrested, 18 U.S.C. § 3161(b) (1982), but permits a continuance upon a determination that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(8)(A). Rule 5(c) of the Federal Rules of Criminal Procedure requires that a defendant, not in custody, be accorded a preliminary hearing, for a determination of probable cause, within twenty days of his initial appearance but permits a continuance "upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice." Rule 5(c) also provides that a preliminary hearing need not be held if an indictment is returned before the date set for the preliminary hearing. This appeal endeavors to obtain review of an order of the District Court for the Southern District of New York (Kevin Thomas Duffy, Judge), ex-

tending the time for indictment for sixty days from April 22, 1986, and extending the time for a preliminary hearing until the extended deadline for. return of the indictment. For reasons that follow, we dismiss the appeal and deny without prejudice defendant's motion for a writ of mandamus directing the immediate holding of a preliminary hearing.

Appellants Schnejer Zalman Gurary and Nochum Sternberg have been targets of a grand jury investigation that began before October 1984. The investigation concerns allegations that appellants have used a group of corporations to issue fraudulent invoices for non-existent purchases to enable the "purchasers" to claim income tax deductions and thereby evade taxes. On an earlier appeal, we reversed the quashing of a subpoena requiring production of various records of these corporations. *In re Grand Jury Subpoenas Issued to Thirteen Corporations,* 775 F.2d 43 (2d Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1459, 89 L.Ed.2d 716 (1986). On April 2, 1986, appellants appeared at the United States Attorney's office, pursuant to a request, and were arrested on a complaint alleging one count of conspiracy to evade taxes in violation of 26 U.S.C. §§ 7201, 7206(2) and to transfer currency in excess of $10,000 without filing required forms in violation of 31 U.S.C. §§ 5313, 5322, and three counts of substantive currency violations. Appellants were released by a Magistrate the same day on a bond of $200,000, subject to travel limitations and other conditions. In accordance with Rule 5(c), a preliminary hearing was scheduled for April 22, twenty days after their initial appearance. On April 17, the Government moved for a sixty-day extension of time from April 22 both to return an indictment and to conduct a preliminary hearing. The Government presented two sealed affidavits of an Assistant United States Attorney, one of which was presented to the District Court *ex parte.* The grounds relied upon were that the defendants presented a serious risk of flight, the grand jury's investigation was complex and continuing, and the defendants were delaying the grand jury's investigation by their dilatory tactics concerning compliance with subpoenas. On April 18, Judge Duffy granted the Government's motion, extending for sixty days from April 22, *i.e.,* until June 21, the time for both return of an indictment and holding a preliminary hearing.[1] In the terms of the governing statute and rule, he found, without further elaboration, that granting the continuance "best serves the ends of justice and outweighs the best interests of the public and the defendant [*sic*] in a speedy trial," 18 U.S.C. § 3161(h)(8)(A), and that " 'extraordinary circumstances' exist and that delay of the preliminary hearing is 'indispensable to the interests of justice,' " Fed.R.Crim.P. 5(c).

Recognizing that interlocutory appeals are "disfavored," especially in criminal cases, *United States v. MacDonald,* 435 U.S. 850, 853, 98 S.Ct. 1547, 1548, 56 L.Ed.2d 18 (1978); *Abney v. United States,* 431 U.S. 651, 656–57, 97 S.Ct. 2034, 2038–39, 52 L.Ed.2d 651 (1977), appellants contend that a pre-indictment order continuing the time for an indictment and for a preliminary hearing is appealable under the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The application of this doctrine in the administration of criminal justice has been extremely limited. Interlocutory appeals have been allowed from bail rulings, *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 1 (1951), and from rulings rejecting motions to dismiss charges on grounds of double jeopardy, *Abney v. United States, supra,* and the Speech or Debate Clause, *Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979). However, interlocutory appeals have been denied on such important rulings as those disqualifying defense

---

1. Since the initial deadlines in this case were thirty days from arrest for returning an indictment and twenty days from initial appearance, which was also the day of arrest, for holding a preliminary hearing, Judge Duffy's order granted a sixty-day extension of time to hold a preliminary hearing and a fifty-day extension of time to return an indictment.

counsel, *Flanagan v. United States,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), and rejecting dismissal of charges on Sixth Amendment speedy trial grounds, *United States v. MacDonald, supra.*

The Government contends that the continuance ruling is not an appealable "collateral order" because it may effectively be reviewed on appeal from a final judgment of conviction, should one ensue.[2] Reliance is placed on appeals from final judgments of conviction in which we have reviewed the propriety of delays in returning an indictment, *e.g., United States v. Ruggiero,* 726 F.2d 913, 925 (2d Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 118, 83 L.Ed.2d 60 (1984), and in holding a preliminary hearing, *United States v. Aiken,* 373 F.2d 294, 298 (2d Cir.1966), *cert. denied,* 389 U.S. 833, 88 S.Ct. 32, 19 L.Ed.2d 93 (1967). Whether these decisions establish that appellants' claim in this case may be "effectively" reviewed on appeal from a final judgment requires careful consideration.

Appellants in this case seek vindication of the right to be free of the restraints upon liberty imposed by the conditions of their pretrial release following their arrest. If the Government does not establish probable cause at a timely preliminary hearing or secure the timely return of an indictment, a defendant is entitled to have the complaint dismissed and to be discharged from all restraints upon his liberty. Fed.R. Crim.P. 5.1(b); 18 U.S.C. § 3162(a)(1).

If an indictment is ultimately returned and the defendants are acquitted at trial, there will be no opportunity to vindicate the impairment of liberty interests accomplished by what is alleged to be an unwarranted continuance of the period in which conditions of pretrial release must be observed. That consequence, however, faces every defendant who loses a motion that, if successful, would have avoided or ended a trial and who thereafter is acquitted. Ex-

amples are motions to dismiss an indictment for failure to state an offense or to obtain a directed verdict of acquittal at the end of the prosecution's case. Normally the "effectiveness" of an appeal from a final judgment concerns the adequacy of an appeal from an adverse final judgment. If these defendants are ultimately indicted, tried, and convicted, they will have an opportunity, on appeal from a judgment of conviction, to challenge the lawfulness of the extension of time to indict and to hold a preliminary hearing. It is true that success on appeal does not provide an opportunity to end what may be unlawful continuation of restraint upon liberty as promptly as would a successful appeal from the continuance ruling. However, that consequence faces every convicted defendant against whom a ruling has been entered prolonging the length of criminal proceedings. *See United States v. MacDonald, supra.*

In one respect the defendants in this case may be more disadvantaged by the lack of an immediate appeal than other defendants who must await appeal from a conviction to challenge rulings that prolong the length of proceedings against them. At least with respect to the extension of time to return an indictment, the defendants can test on appeal from a conviction the lawfulness of that extension *per se,* since a violation of the Speedy Trial Act is normally remedied by reversal of a conviction and dismissal of an indictment. 18 U.S.C. § 3162(a)(2); *see, e.g., United States v. Tunnessen,* 763 F.2d 74 (2d Cir.1985). However, with respect to the extension of time to hold a preliminary hearing, a defendant can normally challenge on appeal from a conviction the lawfulness of that extension only by showing that the delay in holding the hearing "improperly affected his ability to defend against the charges," *United States v. Aiken, supra,* 373 F.2d at 298; *see also Unit-*

---

**2.** The three criteria of an appealable "collateral order" are that it "must conclusively determine the disputed question," it must "resolve an important issue completely separate from the merits of the action," and it must "be effectively unreviewable on appeal from a final judgment."

*Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (footnote omitted); *see also Flanagan v. United States, supra,* 465 U.S. at 265, 104 S.Ct. at 1054–55.

**472**

ed States v. Heap, 345 F.2d 170, 171 n. 1 (2d Cir.1965). Of course, this very limitation demonstrates that an order continuing a preliminary hearing is not entirely unrelated to the merits and for that reason is not an appealable "collateral order."

■ Though the interests sought to be vindicated on this interlocutory appeal may not be fully protected upon appeal from a final judgment of conviction, we conclude that such post-judgment review is not so ineffective as to warrant interlocutory appeal of the two pre-indictment continuances.[3] All continuances, whether pre- or post-trial, prolong the time period in which a defendant is subject to pending charges and to the restraints of the conditions of pretrial release or of pretrial custody. To permit interlocutory appeals of pre-indictment continuances would interrupt the orderly and expeditious administration of criminal justice in circumstances not sufficiently distinguishable from those confronting defendants subject to post-indictment continuances. A defendant's protection from undue restraints upon liberty in the pre-indictment stage is adequately safeguarded by the opportunity to secure interlocutory appeal of rulings denying bail or establishing conditions of pretrial release.

The lack of appellate jurisdiction to review the District Judge's continuance ruling at this stage, however, does not enable us to dispose of all issues before us. The defendants have moved for an order directing the immediate holding of a preliminary hearing and, in their reply brief, have explicitly asked us to entertain this request as a petition for a writ of mandamus in the event we determine that the continuance order is not appealable. Of course, the granting of a continuance in the exercise of a trial judge's informed discretion is hardly the sort of order that is correctable by

mandamus. See Stans v. Gagliardi, 485 F.2d 1290 (2d Cir.1973).

Nevertheless, there is an aspect of the ruling in this case that requires further consideration. Rule 5 contemplates that a preliminary hearing will be held promptly after arrest so that the existence of probable cause may be tested by the defendant before a neutral magistrate. Only in the event that the Government initiates a prosecution by an indictment or obtains the return of an indictment prior to the scheduled date of the preliminary hearing may the hearing be obviated. The grand jury's decision to indict is thought to be an adequate determination of the existence of probable cause. Sciortino v. Zampano, 385 F.2d 132, 133 (2d Cir.1967), cert. denied, 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 872 (1968). However, the provision of Rule 5 that dispenses with a preliminary hearing when an indictment is returned before the hearing date is not a license to the Government or to the District Court to postpone a preliminary hearing for whatever length of time may be justified to secure the return of an indictment. Indeed, the time limits in Rule 5(c) and the strict "extraordinary circumstances" standard for granting continuances were added to the Rule in 1972 to prohibit the practice in some districts of routinely granting a continuance to allow the Government to satisfy the probable cause requirement by filing an indictment. See 1 C. Wright, Federal Practice and Procedure § 85 (1982). Rule 5 recognizes the Government's opportunity to accelerate the grand jury investigation so that an indictment is returned prior to the scheduled date for the preliminary injunction; it does not allow the hearing date to be retarded to accommodate the pace of the grand jury investigation.

The scheme of the Speedy Trial Act and the Rules of Criminal Procedure also make

3. Six circuits have barred interlocutory appeal of continuances under the Speedy Trial Act. See United States v. Crawford Enterprises, 754 F.2d 1272 (5th Cir.1985); United States v. Moller-Butcher, 723 F.2d 189, 191 (1st Cir.1983); United States v. Mulherin, 710 F.2d 731, 743 (11th Cir.1983), cert. denied, 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 703 (1984); United States v. Grabinski, 674 F.2d 677, 678 (8th Cir.) (in banc), cert. denied, 459 U.S. 829, 103 S.Ct. 67, 64 L.Ed.2d 67 (1982); United States v. Bilsky, 664 F.2d 613, 615–19 (6th Cir.1981); United States v. Mehrmanesh, 652 F.2d 766, 769–70 (9th Cir. 1981).

it evident that preliminary hearings are not to be routinely continued for the period necessary for return of an indictment. Initially, the time period for a preliminary hearing, ten days for an incarcerated defendant and twenty days for a defendant on pretrial release, is shorter than the time period for return of an indictment, thirty days where a grand jury is in session and sixty days where one is not in session. Furthermore, continuance of the time to indict is governed by the somewhat flexible "ends of justice" standard of section 3161(h)(8)(A), whereas continuance of the time for a preliminary hearing, over a defendant's objection, is subject to the far more rigorous criteria of Rule 5(c) that "extraordinary circumstances" exist and that delay is "indispensable" to the interests of justice. Not only are the standards different, but, of greater significance, the purposes of the continuances differ. Extension of the time to indict permits the grand jury to complete its investigation of the defendant and to determine the appropriate charges on which trial should be held; extension of the time for a preliminary hearing is justified only to permit the prosecution to ready its presentation of probable cause to support the arrest on charges already made in the complaint.

There may be highly unusual circumstances where the factors that satisfy the "ends of justice" standard of section 3161(h)(8)(A) and the purpose of delaying indictment coincidentally satisfy the far more rigorous standards of Rule 5(c) and the more limited purpose of delaying a preliminary hearing so as to justify continuances of precisely the same length, but such a coincidence would be unusual. In this case the conclusory wording of the District Judge's order would surely support an inference that the preliminary hearing was postponed for sixty days, not because of any factors related to *holding* the hearing but solely to enable the Government to *avoid* the hearing by securing return of an indictment. If that is what has occurred, the District Judge would have failed to exercise the narrowly circumscribed discretion accorded by Rule 5(c) and the remedy

of mandamus would be available. However, if the Judge has conscientiously determined that, wholly apart from the time permissibly given to return an indictment, an additional sixty days is justified under the standards of Rule 5(c) to hold (rather than to avoid) a preliminary hearing, then, except in the most extraordinary circumstances, mandamus would not be available.

On the record before us, we conclude that the appropriate course is to deny the petition for mandamus seeking an immediate preliminary hearing, without prejudice to a prompt application to the District Court for an immediate preliminary hearing and a prompt determination by that Court, in the event that the application is denied, as to whether the factors considered by the District Judge in continuing the preliminary hearing until June 21 relate to the holding of the hearing or whether the hearing has been postponed for sixty days simply to permit return of an indictment that will avoid the hearing.

Appeal dismissed; petition for mandamus denied without prejudice. The mandate shall issue forthwith.