**J.D. FARMER, Jr., Plaintiff–Appellee,**

v.

**Stephen E. HIGGINS, Director, Bureau of Alcohol, Tobacco and Firearms, Defendant–Appellant.**

No. 90–8185.

United States Court of Appeals, Eleventh Circuit.

July 11, 1990.

Rehearing and Rehearing En Banc Denied Aug. 30, 1990.

**1042**

Mark B. Stern, Michael Singer, Office of Gen. Counsel, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

Stephen P. Halbrook, Fairfax, Va., John S. D'Orazio, Finch, McCranie, Brown & Thrash, Atlanta, Ga., for plaintiff-appellee.

Before HATCHETT and CLARK, Circuit Judges, and MORGAN, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this case of first impression, we are asked to determine whether the Gun Control Act of 1968, as amended by the Firearms Owners' Protection Act of 1986, prohibits private persons from possessing machine guns. We hold that the Firearms Owners' Protection Act does prohibit the private possession of machine guns not lawfully possessed prior to May 19, 1986. We reverse the district court.

## FACTS AND PROCEDURAL HISTORY

By application dated October 24, 1986, J.D. Farmer, Jr., the appellee, filed with the Bureau of Alcohol, Tobacco and Firearms (the Bureau) an application to legally make and register a machine gun for his personal collection. 26 U.S.C. §§ 5821, 5822, and 5841 (West 1989). On February 7, 1987, the Bureau disapproved Farmer's application on the ground that the Firearms Owners' Protection Act of 1986 (the Act), "prohibits the making and manufacture of new machineguns for possession by private persons." See Pub.L. No. 99–308, § 102(9), 100 Stat. 449, 452–53 (May 19, 1986), codified at 18 U.S.C.A. § 922(o) (West Supp.1990).

Subsequently, Farmer filed an action for a declaratory judgment and a for writ of mandamus to compel the Bureau to approve his application to make and register a machine gun pursuant to the National Firearms Act. 26 U.S.C. § 5822 (West 1989). On January 6, 1989, the district court ruled that the Act allowed private persons, who comply with the National Firearms Act's application and registration requirements, to make and possess machine guns. The district court denied the petition for a writ of mandamus, however, because the Bureau's approval of an application is a discretionary act.

The district court then allowed Farmer to file an amended complaint alleging that denial of the application was arbitrary, capricious, and an abuse of discretion. On January 2, 1990, the district court reaffirmed its conclusion that the Bureau's interpretation of 18 U.S.C.A. § 922(o) (West Supp.1990) was unreasonable, and ordered the Bureau to process Farmer's application within 30 days, or issue the requested permit. This court stayed the district court's order pending appeal, and set the case on an expedited schedule.

## CONTENTIONS

The Bureau contends that the district court erred when it concluded that the Act's first exemption from the machine gun prohibition, which permits possession of a machine gun "under the authority" of a governmental unit, allows a private person, who complies with the National Firearms Act's application and registration requirements, to manufacture and possess a machine gun. According to the Bureau, its regulations, which prohibit the private possession of machine guns not lawfully possessed prior to May 19, 1986, are consistent with the statutory language, supported by the legislative history, and entitled to deference.

In response, Farmer contends that the district court properly interpreted section 922(*o*) when it held (1) that the Act does not prohibit the private manufacture and possession of machine guns possessed "under the authority" of the United States, and (2) that the Bureau's implementing regulations are contrary to the plain meaning of section 922(*o*), and are unreasonable.

## ISSUE

The sole issue is whether section 922(*o*) prohibits the private possession of machine guns not lawfully possessed prior to May 19, 1986.

## DISCUSSION

Firearms Owners' Protection Act of 1986

18 U.S.C.A. § 922(*o*) (West Supp.1990) states:

(1) Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun.

(2) This subsection does not apply with respect to—

(A) a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or

(B) any lawful transfer or lawful possession of a machinegun that was lawfully possessed before the date this subsection takes effect.

Section 110(c) of the Act provides that the effective date of the "Machinegun Prohibition" is May 19, 1986. Pub.L. No. 99–308, § 110(c), 100 Stat. 449, 461 (May 19, 1986).

After enactment of the Act, the Bureau promulgated implementing regulations proscribing private possession of machine guns, except as provided by the "grandfather" clause found in section 922(*o*)(2)(B):

(a) *General.* As provided by 26 U.S.C. 5812 and 26 U.S.C. 5822, an application to make or transfer a firearm shall be denied if the making, transfer, receipt, or possession of the firearm would place the maker or transferee in violation of law.

Section 922(*o*), Title 18, U.S.C., makes it unlawful for any person to transfer or possess a machine gun, except a transfer to or buy, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or any lawful transfer or lawful possession of a machine gun that was lawfully possessed before May 19, 1986. Therefore, notwithstanding any other provision of this part, no application to make, transfer, or import a machine gun will be approved except as provided by this section.

(b) *Machine guns lawfully possessed prior to May 19, 1986.* A machine gun possessed in compliance with the provisions of this part prior to May 19, 1986, may continue to be lawfully possessed by the person to whom the machine gun is registered and may, upon compliance with the provisions of this part, be lawfully transferred to and possessed by the transferee.

27 C.F.R. § 179.105(a), (b) (1989).

Further, the Bureau defined section 922(*o*)(2)(A)'s exception for transfer or possession "by or under the authority of" the United States, or a state, as follows:

(e) *The making of machine guns on or after May 19, 1986....* [a]pplications to make and register machine guns on or after May 19, 1986, for the benefit of a Federal, State or local governmental entity ... will be approved if it is established by specific information that the machine gun is particularly suitable for use by Federal, State or local governmental entities and that the making of the weapon is at the request and on behalf of such an entity.

27 C.F.R. § 179.105(e) (1989).

The district court held that section 922(*o*) does not prohibit the private possession of machine guns. As the district court interprets section 922(*o*), the "machine gun prohibition" applies only to an otherwise unauthorized possession of a machine gun (i.e. possession which is not "by or under the authority of" a governmental entity pursuant to section 922(*o*)(2)(A)). Accord-

ing to this reasoning, if a private person complies with the National Firearms Act's application and registration requirements, then that person may make and register a machine gun.

The Bureau contends that section 922(*o*) changes prior law by banning, for the first time, the private transfer and possession of machine guns. According to the Bureau, the district court's interpretation of section 922(*o*) is inconsistent with both the plain language of the Act, as well as its legislative history. Further, the Bureau argues that the district court improperly set aside its interpretation of section 922(*o*). The district court reached these erroneous conclusions, the Bureau urges, by construing section 922(*o*)(2)(A)'s narrow exception to the "machine gun prohibition" so as to swallow the general proscription.

We agree with the Bureau that section 922(*o*) prohibits the private possession of machine guns not lawfully possessed before May 19, 1986. "In determining the scope of a statute, we look first to its language." *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). Section 922(*o*)(1) explicitly provides that, aside from two specified exceptions, "it shall be unlawful for any person to transfer or possess a machine gun." Although section 922(*o*)(2)(A)'s possession "under the authority of" a governmental entity exception is arguably ambiguous, the district court's interpretation of that exception, which essentially preserves existing law, would render section 922(*o*)(1)'s "machine gun prohibition" a nullity; the Bureau would be required to process applications without regard to section 922(*o*)(1), and reach the same result as if the prohibition had never been enacted.

Moreover, if Congress did not intend to change prior law by prohibiting the private possession of machine guns, then section 922(*o*)(2)(B)'s "grandfather" clause (which exempts from the general prohibition those machine guns lawfully possessed before May 19, 1986) becomes meaningless. "We may not assume Congress to have done a 'useless, ineffective, or absurd thing' [when

it enacted legislation]." *U.S. Army Engineer Center v. Federal Labor Relations Authority*, 762 F.2d 409, 417 (4th Cir.1985) (quoting *Consumers Union of United States, Inc. v. Sawhill*, 512 F.2d 1112, 1118 (Temp.Emer.Ct.App.), *vacated and concurring and dissenting opinion adopted in banc*, 525 F.2d 1068 (Temp.Emer.Ct.App. 1975)); *see also Turkette*, 452 U.S. at 580, 101 S.Ct. at 2527.

The legislative history of section 922(*o*) also supports our conclusion that Congress intended to prohibit the private possession of machine guns not lawfully possessed prior to May 19, 1986. On April 10, 1986, Congressman Hughes introduced section 922(*o*) as a last minute amendment in the House of Representatives. *See* 132 Cong. Rec. H1750–53 (April 10, 1986). When Congressman Hughes introduced the amendment, he requested "an opportunity to explain why machineguns should be banned," observing that "I do not know why anyone would object to the banning of machineguns." 132 Cong.Rec. H1750 (April 10, 1986) (statement of Rep. Hughes).

In the subsequent Senate floor debate on May 6, 1986, various Senators addressed the machine gun amendment adopted by the House. Senator Metzenbaum explained that the intent of the amendment is to ban the possession of machine guns, except as provided by the "grandfather" clause:

> [T]he House version, which we are about to vote on here, has a very important improvement from the bill the Senate adopted last July, and that is to *ban the transfer, possession of any machinegun not lawfully possessed on the date of enactment.*

132 Cong.Rec. 9602 (1986) (statement of Sen. Metzenbaum) (emphasis added). Similarly, Senator Lautenberg expressed approval of the improvements added by the House noting that the bill "bars future sales and possession of machineguns by *private* citizens." 132 Cong.Rec. 9605 (1986) (statement of Sen. Lautenberg) (emphasis added).

Senators Dole and Hatch discussed the scope of the "somewhat ambiguous" first

exception to the prohibition covering machine guns transferred or possessed "under the authority of, the United States ... or a State." 132 Cong.Rec. 9600 (statement of Sen. Dole). Senator Hatch explained:

> In the case of the military, the manufacturer would be transferring to the United States or a department ... the machinegun would be possessed by the United States, and these sales and other transactions would clearly take place *under the authority of the United States* ... . Any local police would be specifically covered by the language in this provision permitting the transactions and possession to or by or *under the authority of a subdivision of a State.*

132 Cong.Rec. 9600 (1986) (statement of Sen. Hatch) (emphasis added).

Senator Dole subsequently asked Senator Hatch how the provision would affect the sale of weapons to foreign allies or other exports permitted by the Department of State:

> MR. HATCH: Once again, these should be considered transfers under the authority of the United States. The United States itself ... would be authorizing this transfer....

132 Cong.Rec. 9600 (1986) (statement of Sen. Hatch).

Senators Dole and Hatch further discussed whether the "under the authority of" language would allow a local police force to authorize its officers to purchase machine guns to be owned by the officer rather than the police. 132 Cong.Rec. 9601 (statement of Sen. Dole). Senator Hatch responded that:

> *possession or transfer of those weapons would cease to enjoy the authorization of the State agency or subdivision when the officer was no longer on the police force.* The police force would then have to exercise its authority to guarantee that the machinegun was transferred to another entity authorized by the State or the United States to possess such weaponry.

132 Cong.Rec. 9601 (statement of Sen. Hatch) (emphasis added). Senator Durenberger thereafter thanked Senators Dole and Hatch for clarifying "a very important issue surrounding the amendment to ban the future sale and possession of machineguns." 132 Cong.Rec. 9605 (1986) (statement of Sen. Durenberger).

These statements are irreconcilable with Farmer's reading of section 922(*o*) because they reveal clearly (1) that Congress intended to change the law to prospectively preclude the private possession of machine guns, and (2) that Congress intended to limit lawful transfer and possession of machine guns to instances authorized by the government for the benefit of federal, state, or local governmental entities. Consequently, in light of the plain language of section 922(*o*), as well as its legislative history, we hold that section 922(*o*) prohibits the private possession of machine guns not lawfully possessed prior to May 19, 1986.

Further, we defer to the Bureau's interpretation of section 922(*o*), embodied in its implementing regulations at 27 C.F.R. § 179.105 (1989), because it is consistent with the statutory language and Congressional intent. *See Gun South, Inc. v. Brady,* 877 F.2d 858, 864 (11th Cir.1989) ("[w]e must defer to the Bureau's interpretation of the Gun Control Act and its regulations absent plain error in the Bureau's interpretation"); *Veterans Administration Medical Center v. Federal Labor Relations Authority,* 675 F.2d 260, 262 (11th Cir.1982) (agency interpretation should be followed absent compelling indications that it is wrong).

We have considered Farmer's remaining arguments and find them to be without merit.

### CONCLUSION

In sum, we hold that section 922(*o*) prohibits the private possession of machine guns not lawfully possessed before May 19, 1996. Accordingly, the district court's order is reversed.

REVERSED.