UNITED STATES of America,

v.

Charles M. BOWNDS.

Crim. A. No. 3:94–CR–50BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 18, 1994.

Woody Bond, U.S. Atty., for U.S.

Sam Wilkins, Kenneth K. Crites, George Lucas, Williford Randolph Hammond, Jackson, MS, James Daniel Hammond, Jr., Flora, MS, Charles McDonald Bownds, Pikeville, TN, for defendant.

## OPINION AND ORDER

BARBOUR, Chief Judge.

The Court has before it the Motion of Defendant Charles M. Bownds to Dismiss Indictment for Unconstitutionality. The Court, having considered the motion, the memoranda of the parties and the arguments of counsel, finds the motion is well taken and orders the indictment dismissed.

Defendant Charles Bownds was indicted for a violation of 18 U.S.C. section 922(o), which reads in its entirety as follows:

(o)(1) Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun.

(2) This subsection does not apply with respect to—

(A) a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or

(B) any lawful transfer or lawful possession of a machinegun that was lawfully possessed before the date this subsection takes effect.

18 U.S.C. § 922(o). The government alleges that Charles Bownds purchased two Sten machineguns and other firearms components at a gun show in New Jersey in early 1991, for $300. In April, 1991, Mr. Bownds allegedly sold the machineguns to Randy and Danny Hammond in Jackson, Mississippi, for $1500.

Defendant avers that the section is in violation of the Tenth Amendment [1] since, in its passage of section 922(o), Congress made no finding (rationally based or otherwise), nor placed any statutory requirement within the section, of an interstate commerce nexus between mere possession of a machinegun and crime, nor did Congress base the statute upon other appropriate findings that would indicate Congressional authority to legislate in this area.

Defendant cites a recent decision in which the Court of Appeals for the Fifth Circuit ruled unconstitutional 18 U.S.C. section 922(q), the so-called "Gun–Free School Zones Act of 1990." *U.S. v. Lopez*, 2 F.3d 1342 (5th Cir.1993), *cert. granted*, —— U.S. ——, 114 S.Ct. 1536, 128 L.Ed.2d 189 (1994). In that decision the Fifth Circuit considered not only the legislative history behind section 922(q), but also the history of the Firearm Owner's Protection Act of 1986 generally, as well as the language of other relevant sections, including section 922(o). *Id.*[2]

Although the Court concluded "that section 922(q), in the full reach of its terms, is invalid as beyond the power of Congress

---

**1.** "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const., Amend. X.

**2.** This Court notes a more recent opinion, *United States v. Ardoin*, 19 F.3d 177 (5th Cir.1994) in which the Fifth Circuit adopted that portion of a Fourth Circuit opinion, *United States v. Jones*, 976 F.2d 176 (4th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2351, 124 L.Ed.2d 260 (1993), in which that court held that 18 U.S.C. section 922(o) did not implicitly overrule those sections of the National Firearms Act ("NFA") that regulate machineguns. In adopting the analysis of the Fourth Circuit the Fifth Circuit wrote: "The

NFA can be upheld on the preserved, but unused, power [of Congress] to tax or on the power to regulate interstate commerce." *Ardoin*, 19 F.3d at 180. However, the Fifth Circuit seemed to limit its acceptance of the analysis of the Fourth Circuit, writing, "Of course, as we have recently noted, Congress's power to regulate firearms under the Commerce Clause is not unlimited. *See United States v. Lopez*, 2 F.3d 1342 (5th Cir. 1993), *petition for cert. filed*, 62 U.S.L.W. 3645 (U.S. Feb. 2, 1994) (No. 93–1260)." *Ardoin*, 19 F.3d at 180 n. 5. This Court will therefore focus on the *Lopez* opinion as the basis of its Commerce Clause analysis.

under the Commerce Clause," [3] *Lopez,* 2 F.3d at 1367–68, it declined to rule on the constitutionality of 922(*o*), the machinegun possession section:

> The other Firearms Owners' Protection Act change relevant in this connection is its section 102(9), 100 Stat. 452–53, adding a new section 922(*o*).... There is no committee report, and sparse legislative history, concerning this provision, as it was added on the House floor. *The only apparent explanation for it is the statement of its sponsor, Representative Hughes, that "I do not know why anyone would object to the banning of machine guns." See Farmer v. Higgins,* 907 F.2d 1041, 1044–45 (11th Cir.1990). While section 922(*o*) is a closer parallel than others to section 922(q) presently before us, *as both sections denounce mere possession with no express tie either to interstate commerce or other federalizing element, we decline to read into section 922(o) any implied Congressional determination that possession of firearms generally, or within one thousand feet of any school grounds, affects interstate commerce.* Section 922(*o*) is restricted to a narrow class of highly destructive, sophisticated weapons that have been either manufactured or imported *after* enactment of the Firearms Owners' Protection Act, (footnote omitted) which is more suggestive of a nexus to or affect on interstate or foreign commerce than possession of any firearms whatever, no matter when or where originated, within one thousand feet of the grounds of any school.

*Id.* at 1356 (emphasis added). In the footnote omitted from the paragraph above, the Court suggests that section 922(*o*)(2)(B), which impliedly makes unlawful the possession of those machine guns possessed unlawfully *before the enactment of the statute,* is constitutional, since "there would be a jurisdictional nexus in the federal law making that earlier possession unlawful, such as the National Firearms Act or various provisions of Chapter 44 of Title 18." *Id.* at n. 29. However, the Fifth Circuit makes no such suggestion as to the constitutionality of current section 922(*o*).

In its detailed consideration of the Firearms Owners' Protection Act of 1986 and its various statutory predecessors, the Fifth Circuit notes that certain sections of the Act, such as 922(g), reach only those firearms that have been transported in interstate or foreign commerce, and are thus constitutional. *Id.* at 1348 (citing *United States v. Wallace,* 889 F.2d 580, 583 (5th Cir.1989), *cert. denied,* 497 U.S. 1006, 110 S.Ct. 3243, 111 L.Ed.2d 753 (1990)). The Court notes that other sections, such as 922(a)(6) (false statement in acquisition of firearm from licensed dealer, manufacturer, or importer), 922(b)(1) and (2) (sale or delivery by licensed dealer, manufacturer, or importer to a minor or in violation of state law), 922(b)(4) (sale or delivery by licensed dealer, manufacturer, or importer of certain specified weapons, such as machineguns or short-barrelled rifles), and 922(m) (record keeping violations by licensed dealer, manufacturer, or importer), wear the cloak of constitutionality because the proscriptions themselves pertain to essentially *commercial* firearms actions "as opposed to mere simple possession by any individual," and because each section is tied to the *federal licensing* of the dealer, manufacturer, or importer. *Lopez,* 2 F.3d at 1348. Finally, the Court notes that Congress constitutionally regulated machineguns under the National Firearms Act of 1934, but only under its taxing power, *id.* at 1349, and the Court finds no such support for section 922(*o*) in the current act.

■ Although "Congressional enactments are, of course, presumed constitutional," *id.* at 1364, a finding of constitutionality in this case is difficult where Congress has made no finding, formal or informal, in either the statute or the legislative history, as to how the regulated activity substantially affects interstate commerce. Nor is this court convinced that the "highly destructive, sophisticated" nature of machine guns, standing alone, is an adequate ground upon which an interstate commerce nexus finding can be based. In the view of this Court, the fact that an item is dangerous does not signify,

---

**3.** "The Congress shall have Power ... To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const., Art. I, § 8, cl. 3.

without more, that regulation of · that item meets constitutional requirements for avoidance of the mandate of the Tenth Amendment.

While two circuits have found section 922(*o*) constitutional,[4] based on general findings of legislative intent, the reasoning and examination of the Congressional record by the Fifth Circuit seems to undermine the rationale of those opinions:

> The only two circuit courts that have addressed a constitutional challenge to section 922(*o*), [*United States v. Hale* and *United States v. Evans* ], have sustained it in reliance on Congressional findings that appear to us to be inapplicable in the present context, *whatever relevance they might have to section 922(o)*. *Hale* states that, "The legislative history of section 922(*o*) indicates that Congress considered the relationship between the availability of machine guns, violent crime, and narcotics trafficking. *See* H.R.Rep. No. 495, 99th Cong., 2d Sess., at 1–5, *reprinted in* 1986 U.S.C.C.A.N. 1327, 1327–31." *Id.* at 1018. The only portion of the cited passage of the H.R.Rep. No. 495 that relates to machine guns—and it will be recalled that neither section 922(*o*) nor anything comparable to it was included in the bill (H.R. 4332) there being considered—is a discussion of the history of the legislation, including various earlier bills that did not become law. One of the earlier bills discussed was H.R. 3135, introduced August 1, 1985, and H.R.Rep. No. 495 observes that H.R. 3135 "prohibited the transfer and possession of machine guns, used by racketeers and drug traffickers for intimidation, murder and protection of drugs and the proceeds of crime. The bill allowed possessors of lawfully registered machine guns to continue their lawful possession." 1986 U.S.C.C.A.N. at 1330. *Whatever this*

*may say about machine guns*, it says nothing about the mere possession of ordinary firearms.

*Lopez,* 2 F.3d at 1356 (emphasis added).

While the above passage makes it clear that the Congressional findings behind the machine gun section are at best ambiguous, the Fifth Circuit takes issue directly with other legislative history cited by the Eight and Ninth Circuit in support of their findings that section 922(*o*) is constitutional. As to the reliance of the Eight Circuit in *Hale* on Congressional findings behind the Omnibus Crime Control and Safe Streets Act of 1968, the Court writes:

> As previously discussed, those findings ... do no more than speak to the need to regulate both interstate (and foreign) commerce in firearms and federally licensed dealers.... *There is nothing to suggest any finding that mere private party intra-state possession of firearms that have not moved in interstate commerce has any effect on interstate commerce or must be regulated in order to effectively regulate interstate commerce.*

*Id.* at 1357, n. 31 (emphasis added). Similarly, the Fifth Circuit criticizes the reliance of the *Evans* court on generalized findings by Congress of high firearms death rates,[5] writing:

> The Congressional finding alluded to [in the *Evans* opinion] is not contained in the Firearms Owners' Protection Act, and the only similar finding we can locate is that contained in H.Rep. No. 1577 in reference to H.R. 17735, which became the Gun Control Act of 1968.... Nothing in this committee report ... suggests that mere *intra*-state possession of firearms that have not moved in interstate commerce has any affect on interstate commerce or must be

---

4. *See United States v. Hale,* 978 F.2d 1016, 1018 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1614, 123 L.Ed.2d 174 (1993); *United States v. Evans,* 928 F.2d 858, 862 (9th Cir.1991).

5. In *Evans* the Ninth Circuit stated:
   Congress specifically found that at least 750,000 people had been killed in the United States by firearms between the turn of the century and the time of the Act's enactment. It was thus reasonable for Congress to conclude that

the possession of firearms affects the national economy, if only through the insurance industry. Since Evans does not contend that any specific Constitutional rights are implicated, this rather tenuous nexus between the activity regulated and interstate commerce is sufficient.
   *United States v. Evans,* 928 F.2d at 862 (rejected by *Lopez,* 2 F.3d at 1357 n. 31).

regulated in order to effectively regulate interstate commerce.

*Id.* The Fifth Circuit concludes its analysis of the findings of the *Hale* and *Evans* decisions by stating unequivocally that "[w]e thus disagree with the general statements in *Hale* and *Evans* respecting the Omnibus Crime Control and Safe Streets Act of 1968 and the Gun control Act of 1968." *Id.*

### Conclusion

 Congress may regulate an individual's activity if such activity "exerts a substantial economic effect on interstate commerce," regardless of whether that effect is direct or indirect. *Wickard v. Filburn,* 317 U.S. 111, 125, 63 S.Ct. 82, 89, 87 L.Ed. 122 (1942). As broad as that language seems, the power of Congress to regulate under the Commerce Clause is not without limits. This Court is concerned over the increasing federalization of crime by Congress, when such federalization occurs in apparent disregard of the Tenth Amendment mandate that rights not delegated to the federal government be reserved to the States. Early in its *Lopez* opinion the Fifth Circuit wrote, "[T]he Tenth Amendment, though it does not purport to define the limits of the commerce power, obviously proceeds on the assumption that the reach of that power is not *un*limited, else there would be nothing on which the Tenth Amendment could operate." *Lopez* at 1347. While this Court expresses no opinion as to the *power* of Congress to regulate possession of machine guns at a national level, it simply finds that Congress made no findings, explicit or implied, to support its authority to ban the mere possession of machine guns. The

Tenth Amendment is still a part of the Constitution. It is not difficult for Congress to find an interstate nexus as a part of its legislative history process or for Congress to require an interstate nexus as an element of the crime itself.[6] In light of the Fifth Circuit's recent holding in *Lopez,* this Court finds 18 U.S.C. § 922(*o*) unconstitutional and orders the indictment against Defendant Charles Bownds dismissed.

SO ORDERED.

---

6. For example, Title 18 U.S.C. § 922(g) states:
(g) It shall be unlawful for any person—
(1) Who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
. . . .
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(g)(1). In *United States v. Wallace,* 889 F.2d 580 (5th Cir.1989), *cert. denied,* 497 U.S. 1006, 110 S.Ct. 3243, 111 L.Ed.2d 753 (1990), the Fifth Circuit rejected a challenge to the constitutionality of this statute based upon

the defendant's contention that the words "in or affecting commerce," by virtue of the omission by Congress of the word "interstate," failed to limit the scope of the statute to only that commerce which could be characterized as interstate commerce. The court ruled that the omission of the word "interstate" was at most an oversight. *Id.* at 583. Then, after reviewing the legislative history of the statute, the court found that the clear congressional intent behind the statute was to extend the scope of the statute to the full extent of the interstate commerce power. *Id.* The court thus upheld the statute on the basis that § 922(g) reaches only those firearms that travelled in interstate or foreign commerce and is thus "constitutional." *Id.*