# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 94-60620
No. 94-60651
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES M. BOWNDS,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Mississippi
(3:94 CR 50 3 BN)

April 29, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

This is a consolidated appeal. Charles M. Bownds was charged in three counts of a five-count

indictment for conspiring to possess and transfer two machine guns in violation of 18 U.S.C. §§ 371,

922(o)(1), and 924(a)(2) (Count 1); aiding and abetting the possession of two machine guns in

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

violation of 18 U.S.C. §§ 2, 922(o)(1), and 924(a)(2) (Count 2); and aiding and abetting the transfer of two machine guns in violation of 18 U.S.C. §§ 2, 922(o)(1), and 924(a)(2) (Count 3).

Bownds filed two pretrial motions. First, he moved to dismiss the indictment on the ground that § 922(o) violated the Tenth Amendment as an unconstitutional exercise of Congress's Commerce Clause power. Second, Bownds moved to dismiss the indictment on the ground that his rights to a speedy trial were violated. The district court denied Bownds's second motion, but granted his first motion, declaring § 922(o) unconstitutional on Commerce Clause grounds.

The Government appealed the district court's dismissal of the indictment (case number 94-60620) and Bownds appealed the district court's denial of his speedy trial motion (case number 94-60651). We consolidated the two cases because they presented issues that are intertwined.

## DISPOSITION

As to case number 94-60620, we REVERSE the district court's conclusion that § 922(o) is unconstitutional, reinstate the indictment, and REMAND for further proceedings. United States v. Kirk, 105 F.3d 997 (5th Cir. 1997) (en banc) (affirming, by en equally divided en banc court, the three-judge panel opinion upholding the constitutionality of § 922(o)).

As to case number 94-60651, we DISMISS the appeal because the denial of a motion to dismiss an indictment on speedy trial grounds is not an appealable order. See United States v. MacDonald, 435 U.S. 850, 856-57 (1978); United States v. Crawford Enterprises, Inc., 754 F.2d 1272, 1273 (5th Cir. 1985); United States v. Bailey, 512 F.2d 833, 837-38 (5th Cir.), cert. dismissed, 423 U.S. 1039 (1975).