BENAVIDES, Circuit Judge,
dissenting:
I would deny the writ. All necessary facts and factors were considered by the district court and the transfer statute was properly construed. Under these circumstances we should not even attempt to weigh and balance the factors which the district court was required to consider in reaching its decision. Ex parte Chas. Pfizer & Co., 225 F.2d 720 (5th Cir.1955). While purporting to review the district court’s decision for a clear abuse of discretion, the majority in fact conducts a de novo review. I fear that the decision will lead to the filing of unnecessary and unwholesome pretrial mandamus petitions by parties aggrieved by rulings on motions to transfer brought under 28 U.S.C.A. § 1404(a). Mandamus is an extraordinary writ and should not be a substitute for appeal. We have decided that the writ should issue “only in the absence of other *436 adequate remedies when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court.” In re Chesson, 897 F.2d 156, 159 (5th Cir.1990) (denying writ of mandamus) (citing In re First South Savings Association, 820 F.2d 700 (5th Cir.1987); United States v. Crawford Enterprises, 754 F.2d 1272 (5th Cir.1985)). This is not such a case.
For these reasons and for the reasons stated in my dissent to the panel’s original opinion,[1]1 would deny the writ.

. In re Horseshoe Entertainment, 305 F.3d 354, 360-62 (5th Cir.2002) (Benavides, I., dissenting).