# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50812
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gavin Blake Davis,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-219-1

———————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Gavin Davis is a pre-trial detainee proceeding *pro se*. This is an interlocutory appeal of the denial of his purported 18 U.S.C. § 3164 motion for immediate release from detention.

We first examine the basis of our jurisdiction. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Federal appellate courts have jurisdiction

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50812

over appeals only from final orders per 28 U.S.C. § 1291; (2) orders that are deemed final per a jurisprudential exception, such as the collateral order doctrine; (3) interlocutory orders specified in 28 U.S.C. § 1292(a); and (4) interlocutory orders that are properly certified for appeal by the district court under Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b). *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988).

Davis's notice of interlocutory appeal asserts that he is appealing the denial of his motion for immediate release under § 3164. But § 3164 became ineffective on July 1, 1980, when the provisions of 18 U.S.C. § 3162 took effect. *See* 18 U.S.C. § 3163(c); *United States v. Krohn*, 558 F.2d 390, 393 (8th Cir. 1977). Section 3162 now provides for the dismissal of an indictment when the Speedy Trial Act is violated. 18 U.S.C. § 3162(a)(1), (2). But we lack jurisdiction to consider interlocutory appeals of denials of Speedy Trial Act rulings. *See United States v. Crawford Enters.*, 754 F.2d 1272, 1273 (5th Cir. 1985).

In addition, Davis has filed motions in this court seeking to stay the trial in the district court, to consolidate this case with another pending interlocutory appeal (No. 23-50917), for the appointment of counsel, for release from detention per Federal Rule of Appellate Procedure 9, and to extend the time to file a reply to the government's response to his motion for release. In light of our determination that we lack jurisdiction, Davis's motions are DENIED. Because we lack jurisdiction to consider Davis's interlocutory appeal, the appeal is DISMISSED.