**Peter Kenneth DeMARRIAS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 73–1291.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1973.

Decided Sept. 25, 1973.

Certiorari Denied March 18, 1974.
See 94 S.Ct. 1570.

Peter Kenneth DeMarrias, pro se.

William F. Clayton, U. S. Atty., Sioux Falls, S. D., filed brief, for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

In a petition filed under 28 U.S.C. § 2255, Peter Kenneth DeMarrias seeks to vacate a ten-year sentence that he is now serving for voluntary manslaughter, a lesser included offense in the indictment for second degree murder brought against DeMarrias. The district court

denied DeMarrias relief and he brings this appeal *pro se*. We affirm the district court.

The background for this litigation is contained in two earlier cases submitted to this court. In DeMarrias v. United States, 444 F.2d 162 (8th Cir. 1971), we permitted DeMarrias to file a delayed appeal from his conviction on a charge of second degree murder. In DeMarrias v. United States, 453 F.2d 211 (8th Cir. 1972), we considered the merits of the delayed appeal, determined that the proof was insufficient to sustain the conviction for second degree murder, but found the evidence sufficient to justify a conviction for the lesser included offense of voluntary manslaughter. We remanded the case to the district court. Thereafter, the district court sentenced DeMarrias to serve 10 years imprisonment on the manslaughter charge, but granted him full credit for time already served on the second degree murder conviction.

Following sentencing, DeMarrias filed the instant petition asserting the invalidity of this conviction on the alleged ground that the government on December 28, 1967, obtained an indictment from the grand jury charging DeMarrias with voluntary manslaughter and later, on February 20, 1968, obtained a second indictment from the same grand jury charging DeMarrias with the murder count and two counts of assault with a dangerous weapon. Upon arraignment of DeMarrias upon the latter indictment, the court on motion of the United States Attorney dismissed the early manslaughter charge. The United States Attorney noted the existence of the subsequent "superceding indictment."

■ Appellant claims that it was improper for the United States Attorney to bring a second indictment and then have the first one dismissed where the first one was not invalid or defective. He relies upon 18 U.S.C. § 3288 as controlling the issue of dismissal of indictments. This statute, of course, does not control discretionary dismissals of indictments. Federal Rule of Criminal Procedure 48(a) does control and contains no limitation preventing a United States Attorney from proceeding on a superceding indictment after dismissing a prior indictment. As a general rule, a dismissal with leave of court is considered to be without prejudice. Indeed, F.R.Crim.P. Rule 48(a) has been regularly interpreted to mean that a dismissal of an indictment at the request of the government prior to trial does not bar subsequent prosecution for criminal acts described in that indictment. *See* United States v. Chase, 372 F.2d 453, 463 (4th Cir. 1967). Thus there was no error here.

■ The appellant also claims that it was improper for the government to bring a second indictment prior to dismissal or disposal of the first indictment. There is no authority cited by the appellant and our research discloses nothing which would prevent the government from bringing more than one indictment for the same criminal acts against a single defendant so long as jeopardy had not attached to any one of those indictments. This appears to be the prevailing view. *See* United States v. Bowles, 183 F.Supp. 237, 242 (D.Me. 1958) (citing cases).

■■ Next, appellant argues that he could not be sentenced for manslaughter because the charge of second degree murder does not "include" the offense of manslaughter. To make explicit what was implicit in our earlier remand in DeMarrias v. United States, 453 F.2d 211, 215 (8th Cir. 1972), we hold, in accord with the well-established rule on this matter, that manslaughter is a necessarily included offense within a charge of murder and that, in the circumstances of this case, appellant could be convicted of voluntary manslaughter. *See* F.R. Crim.P. Rule 31(c); Stevenson v. United States, 162 U.S. 313, 314, 16 S.Ct. 839, 40 L.Ed. 980 (1896).

■ Appellant's final contention is jurisdictional. He claims that his con-

victions for assault with a dangerous weapon on two counts were improper because such offenses were not properly triable within the United States District Court. He is presently serving two five-year prison terms on each count concurrently with the sentence on manslaughter. This contention is wholly without merit, since this offense is specifically enumerated in 18 U.S.C. § 1153, the Major Crimes Act, which states that:

> Any Indian who commits against the person or property of another Indian or another person any of the following offenses, namely * * * assault with a dangerous weapon * * * shall be subject to the same laws and penalties as all other persons committing any of the above offenses within the exclusive jurisdiction of the United States.

Accordingly, we hold that the district court properly dismissed DeMarrias' post-conviction petition.