UNITED STATES of America, Appellee,

v.

John M. GRABINSKI, Appellant.

No. 81–1812.

United States Court of Appeals,
Eighth Circuit.

Feb. 26, 1982.

Donald W. MacPherson, Phoenix, Ariz., for appellant.

Michael L. Paup and John F. Murray, Tax Div., Criminal Section, Dept. of Justice, Washington, D. C., for appellee.

Before LAY, Chief Judge, HEANEY, BRIGHT, ROSS, STEPHENSON, HENLEY, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

In late 1980, defendant John M. Grabinski was indicted on a single count of failure to file income tax returns for the year 1976. The indictment was sought and returned in the Eastern District of Missouri. Grabinski moved for a change of venue to the District of Minnesota under Fed.R.Crim.P. 18 arguing that he was a resident of St. Paul, Minnesota at the time the returns at issue

came due. The district court denied the motion. On March 23, 1981, however, the court, on its own motion, dismissed the case without prejudice for lack of jurisdiction.

On March 30, 1981, the government filed an information in the District of Minnesota charging defendant with two counts of failure to file, in 1975 and 1976. Defendant made various motions to dismiss among which were motions to dismiss based on the double jeopardy clause, allegations of vindictive prosecution, violation of The Speedy Trial Act, and lack of probable cause. These motions were denied.

The defendant filed a notice of appeal. This court dismissed the entire appeal for lack of jurisdiction on the ground that it was based on an interlocutory rather than a final order, 664 F.2d 293. Defendant then filed a petition for rehearing en banc. We grant the petition for rehearing en banc, but dismiss the appeal for lack of jurisdiction.

We hold that the orders denying defendant's motions to dismiss because of alleged vindictive prosecution, denial of a speedy trial, and lack of probable cause are not final and, therefore, are not appealable orders. We hold that a district court's order denying a defendant's motion to dismiss based on a claim of double jeopardy is appealable only if a colorable claim is made. In the present case, the order denying defendant's motion based on his claim of double jeopardy is not an appealable order because defendant failed to present a colorable claim of double jeopardy.

Title 28 U.S.C. § 1291 (1981) provides for appeal only "from all final decisions of the district courts." This statute and its judicial application reflect a strong policy against interlocutory or "piecemeal" appeals. This policy is particularly strong in criminal prosecutions. "[T]he delays and disruption attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law." *DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 657, 7 L.Ed.2d 614 (1962), *quoted in Abney v. United States*,

431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977); *see Cobbledick v. United States*, 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed.2d 783 (1940).[1]

The final judgment rule is, of course, subject to a "collateral order" exception established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949).[2]

### I. *Double Jeopardy.*

Categories of appealable orders under *Cohen* must be narrowly and sharply defined. The Supreme Court has upheld use of the "collateral order" exception in criminal prosecutions in three types of cases. It has permitted interlocutory appeal of the denial of a motion to reduce excessive bail, *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); the denial of a motion to dismiss an indictment on double jeopardy grounds, *Abney*; and the denial of a congressman's motion to dismiss a prosecution prohibited by the speech and debate clause, *Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979).

In *United States v. MacDonald*, 435 U.S. 850, 862–63, 98 S.Ct. 1547, 1553–54, 56 L.Ed.2d 18 (1978), the Supreme Court noted that double jeopardy claims constitute a more appropriate category of appealable orders than speedy trial claims because the nature of a double jeopardy claim "inherently limits the availability of the claim." However, a defendant must make a colorable showing of previous jeopardy and the threat of repeated jeopardy in order to state a claim of double jeopardy. If a de-

fendant does not make a colorable showing of the elements of double jeopardy, the filing of a notice of appeal from the denial of his or her motion to dismiss should not divest the district court of jurisdiction. *See Riddle v. Hudgins*, 58 F. 490 (8th Cir. 1893); *United States v. Hitchmon*, 602 F.2d 689, 691 (5th Cir. 1979) (en banc) (notice of appeal from a nonappealable order does not render void acts of district court taken before dismissal of appeal). The contrary rule would render the district courts powerless to prevent dilatory tactics.

The implementation of this rule requires a procedure which both respects the principal established in *Abney* and prevents its abuse. In *Abney*, the Supreme Court stated that courts of appeals have supervisory power to establish procedures sufficient to strike this balance. 431 U.S. at 662 n.8, 97 S.Ct. at 2042 n.8. The Fifth Circuit established such a procedure in *United States v. Dunbar*, 611 F.2d 985, 988–89 (5th Cir. 1980). We adopt substantially the same procedure.

█ Henceforth, we request a district court judge who denies a motion to dismiss based on double jeopardy to make a written finding of whether the motion is frivolous or nonfrivolous. If the motion is found to be frivolous, the filing of a notice of appeal will not divest the district court of jurisdiction. This court will then review the appeal on an expedited schedule. This court is already empowered to protect a defendant's rights by staying proceedings below pending disposal of an appeal. The written

---

1. A principal goal underlying the doctrine of finality is the sixth amendment guarantee of a speedy trial. *United States v. MacDonald*, 435 U.S. 850, 861, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1978). Promiscuous resort to interlocutory appeal would also eviscerate the independence and power of district court judges. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981).

2. *Cohen* defined appealable collateral orders using three criteria which were summarized in *Abney*:

    First, the District Court's order had fully disposed of the question of the state security statute's applicability in federal court; in no

sense, did it leave the matter 'open, unfinished or inconclusive.' [*Cohen*, 337 U.S. at 546 [69 S.Ct. at 1225]]. Second, the decision was not simply a 'step toward final disposition of the merits of the case [which would] be merged in final judgment'; rather, it resolved an issue completely collateral to the cause of action asserted. *Ibid.* Finally, the decision had involved an important right which would be 'lost, probably irreparably,' if review had to await final judgment; hence, to be effective, appellate review in that special, limited setting had to be immediate. *Ibid.*

*Id.*, 431 U.S. at 658, 97 S.Ct. at 2039.

finding of lack of merit and the expedited review combined with existing power to issue stays should protect defendants' right not to be twice placed in jeopardy for the same crime.

■ In the present case, defendant argues that the filing of the two-count information in the District of Minnesota absent a written order dismissing the prior Missouri indictment subjected him to double jeopardy because the charge that he failed to file returns in 1976 was contained in both charging documents.[3] However, defendant concedes that jeopardy had not attached under either the indictment or the information. Jeopardy does not attach until a jury is empaneled and sworn or, in a bench trial, until the judge begins to receive evidence. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). This court has explicitly held that the government may obtain a second indictment prior to dismissal of a prior indictment "so long as jeopardy had not attached to any one of those indictments." *DeMarrias v. United States*, 487 F.2d 19, 21 (8th Cir. 1973), *cert. denied*, 415 U.S. 980, 94 S.Ct. 1570, 39 L.Ed.2d 877 (1974); *accord United States v. Cerilli*, 558 F.2d 697, 701 (3rd Cir.), *cert. denied*, 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977). We find the defendant's appeal based on the double jeopardy clause does not state a colorable claim. Therefore, we dismiss the appeal for lack of jurisdiction.

## II. *Vindictive Prosecution.*

Defendant argues that the filing of an information containing charges of failure to file returns in both 1975 and 1976, after he successfully asserted his right to be tried in the district where the offense was committed, Fed.R.Crim.P. 18, constituted vindictive prosecution. He alleges that the prosecutor subjected him to an increased risk by adding the count covering 1975 in order to penalize him for seeking the change of venue.

■ We find denial of defendant's motion to dismiss based on this claim is an interlocutory ruling. *See United States v. Brizendine*, 659 F.2d 215 (D.C.Cir.1981). We hold the denial of a motion to dismiss based on a claim of vindictive prosecution cannot be appealed until a final judgment on the merits of the case is rendered.

## III. *Speedy Trial.*

Defendant urges this court to review the denial of his motion to dismiss under The Speedy Trial Act, 18 U.S.C. § 3161 et seq. (1981). He acknowledges that the Supreme Court in *MacDonald* held that a speedy trial claim made under the sixth amendment was not an appealable collateral order under *Cohen*.

■ Although defendant's motion was based on The Speedy Trial Act rather than the sixth amendment, the Supreme Court's application of the *Cohen* criteria is still valid. The right to dismissal under the Act, like that under the sixth amendment, *MacDonald*, 435 U.S. at 860–61, 98 S.Ct. at 1552–53, does not embody a right not to be tried. Thus the right will not be irreparably lost if defendant cannot appeal his motion to dismiss before trial. *United States v. Mehrmanesh*, 652 F.2d 766 (9th Cir. 1981); *United States v. Bilsky*, 664 F.2d 613 (6th Cir. 1981). Although the Act reduces the initial determination of whether a violation exists to a calculation of the number of days between indictment and trial which is wholly collateral to a consideration of the merits, it also provides for the exclusion of certain periods of time based on considerations related to the character of the trial. *See, e.g.*, 18 U.S.C. § 3161(h)(8)(A) (1981). To the extent that these exceptions are involved, the order is neither final nor wholly collateral and none of the *Cohen* criteria is present. *Mehrmanesh*, 652 F.2d at 770. Thus the denial of defendant's motion to dismiss under The Speedy Trial Act is not an appealable "collateral order."

---

**3.** The record reveals that the original indictment was orally dismissed on March 23, 1981 (the order was filed on June 10, 1981) and that the latter information was not filed until March 30, 1981.

## IV. *Due Process.*

▆ Defendant also seeks to appeal the denial of motions relating to allegations that the information was filed without an affidavit of probable cause and that he was denied a preliminary or probable cause hearing. These are precisely the type of pretrial rulings which the policy against interlocutory appeals is designed to insulate until after a decision on the merits of a case. Such rulings have uniformly been held nonappealable. *See, e.g., Hydraulic Press Mfg. Co. v. Moore*, 185 F.2d 800 (8th Cir. 1950) (personal jurisdiction); *United States v. Layton*, 645 F.2d 21 (9th Cir. 1981) (order denying change of venue); *United States v. Layton*, 645 F.2d 681 (9th Cir. 1981), *cert. denied*, 452 U.S. 972, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981) (subject matter jurisdiction); *United States v. Martin*, 620 F.2d 237, 238–39 (10th Cir.), *cert. denied*, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980) (venue); *United States v. Sorren*, 605 F.2d 1211, 1214–15 (1st Cir. 1979) (personal jurisdiction). We affirm the panel's refusal to hear defendant's due process arguments.

We therefore dismiss defendant's appeals based on the double jeopardy clause, vindictive prosecution, the due process clause, and The Speedy Trial Act for lack of jurisdiction.

HEANEY, Circuit Judge, concurring.

I concur in the court's rulings on denial of the motions based on double jeopardy, due process, and The Speedy Trial Act. I concur with the result only with respect to the vindictive prosecution issue.

LAY, Chief Judge, dissenting, with whom STEPHENSON and McMILLIAN, Circuit Judges, join.

I concur in the court's rulings on denial of the motions based on double jeopardy, due process, and The Speedy Trial Act. I dis-

sent from the ruling that the denial of defendant's motion to dismiss on the grounds of vindictive prosecution is a nonappealable order. Such an appeal, as narrowed by the facts presented here, should be allowed.

*Vindictive Prosecution.*

Vindictive prosecution is a relatively well-defined category of misconduct whose contours are shaped by *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). *See also North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).[4] In *United States v. DeMarco*, 550 F.2d 1224 (9th Cir.), *cert. denied*, 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 85 (1977), the Ninth Circuit affirmed the dismissal of an indictment on grounds almost identical to those asserted in this case. In *DeMarco*, defendant exercised his right to request to be tried in his home district under Fed.R. Crim.P. 21(b). This motion was granted and the prosecution subsequently obtained a new indictment which contained an additional charge. The facts underlying the additional charge were known by the government prior to the return of the first indictment. The court held that this conduct constituted vindictive prosecution. The facts presented here reveal the same type of claim.

Although the prosecution in this case did not elevate the risk by reindicting the defendant on a more serious charge for the same conduct charged in the initial information, *cf. Blackledge*, but rather by adding a charge, this case should be governed by the principles enunciated in *Blackledge*. The Supreme Court in *Blackledge* specifically eschewed reliance on the double jeopardy clause. 417 U.S. at 31, 94 S.Ct. at 2104. Subjecting a defendant to a qualitatively increased risk after he or she has exercised a procedural right is the necessary

---

4. In *Blackledge*, the defendant invoked his statutory right to a trial de novo in superior court after he was charged with and convicted of a misdemeanor. The prosecution then indicted him on a felony charge based on the same underlying conduct. The court held that these facts created a presumption of vindictiveness even in the absence of direct evidence of retaliatory motivation. 417 U.S. at 27–28, 94 S.Ct. at 2102–03. Because the prosecution failed to rebut the presumption with evidence that intervening events justified its action, the presumption stood and the indictment was dismissed. *Id.* at 29 n.7, 94 S.Ct. at 2103 n.7.

predicate to scrutiny under *Blackledge* whether it be done by elevating the original charge or by other means.

But adding additional charges is different than elevating the original charge. *See Hardwick v. Doolittle,* 558 F.2d 292, 301–02 (5th Cir. 1977), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978). Prosecutors have broad discretion to decide who to prosecute and for what crimes. In *United States v. Partyka,* 561 F.2d 118 (8th Cir. 1977), *cert. denied,* 434 U.S. 1037, 98 S.Ct. 773, 54 L.Ed.2d 784 (1978), this court stated:

> [W]e do not read *Perry* as taking away from prosecutors their traditional and proper discretion in deciding which of multiple possible charges against a defendant are to be prosecuted or whether they are all to be prosecuted at the same time. *Cf. United States v. Crow Dog,* 532 F.2d 1182, 1195–96 (8th Cir. 1976), and cases cited. *See also United States v. Lovasco, supra,* 431 U.S. [783] at 794, 97 S.Ct. [2044] at 2051, n.15 [52 L.Ed.2d 752.]
>
> . . . .
>
> If it be assumed that in some cases in which a successful defense maneuver is met by the filing of additional charges challenged as vindictive, the prosecution may have a duty to negative the idea of vindictiveness, [the presumption of vindictiveness is refuted by the prosecution's revelation of legitimate factors underlying its exercise of discretion].

*Id.* at 124.

The addition of charges after defendant exercises a procedural right gives rise to a presumption of vindictiveness, but there is a wider variety of legitimate reasons for the addition of a charge than for the state's action in a pure *Blackledge* situation. The presumption of vindictiveness is thus more easily refuted in the type of situation at issue in this case.

*Appealability.*

The Supreme Court has not ruled on the appealability of a denial of a motion to dismiss based on prosecutorial vindictiveness. The Ninth Circuit Court of Appeals held that such orders are appealable. *United States v. Griffin,* 617 F.2d 1342 (9th Cir.),

*cert. denied,* 449 U.S. 863, 101 S.Ct. 167, 66 L.Ed.2d 80 (1980). Two other circuits have addressed the issues, but neither confronted allegations which presented a prima facie case of vindictive prosecution. In *United States v. Brizendine,* 659 F.2d 215 (D.C.Cir. 1981), the District of Columbia Circuit refused to entertain an appeal from the denial of a motion to dismiss based on alleged prosecutorial vindictiveness. But the conduct alleged to establish vindictiveness occurred during plea bargaining prior to indictment. The defendants, officers of McDonnell Douglas Corporation, argued that the government sought to indict them only after McDonnell Douglas refused to accept a plea bargain. Rules governing the fluid process of bargaining differ from those applicable to latter stages of the prosecution. *Compare Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (explicitly distinguishing *Pearce* and *Blackledge* ) *with Blackledge.* In *Brizendine,* there were no initial stakes established which were elevated after defendants exercised some right. The court specifically states that it need not decide whether an appeal would lie in a true *Blackledge* situation. *Brizendine,* 659 F.2d at 221.

In *United States v. Gregory,* 656 F.2d 1132 (5th Cir. 1981), the Fifth Circuit also refused to entertain an appeal from the denial of a motion to dismiss based on alleged prosecutorial vindictiveness. But the defendants in *Gregory* failed to allege the elements of a claim under *Blackledge.* They simply asserted that the prosecutor indicted them because he was "after" them. *Gregory* at 1135. The Fifth Circuit also explicitly states, "There may be vindictiveness claims, of course, which by their very nature would be destroyed if an appeal was delayed." *Id.* at 1136.

Given the lack of binding precedent, we must analyze the appealability of the denial of defendant's motion to dismiss on the grounds of vindictive prosecution using the *Cohen* criteria. 337 U.S. at 546, 69 S.Ct. at 1225. First, the district court's order was a final disposition of the issue. The question of vindictive prosecution has been fully and

finally answered by the trial court. Second, the denial of the motion was not simply an element of the yet unmade decision on the merits. The issue of vindictive prosecution, as under *Blackledge*, is wholly collateral to the merits of the case. The only questions are whether defendant has demonstrated a prima facie case of vindictiveness and whether the government has adequately justified its actions. These questions are wholly unrelated to a determination of defendant's guilt.

The difficult question is whether the right to be free from vindictive prosecution will be irreparably lost or infringed if it is not vindicated before the trial commences. In *Blackledge*, the Court held that the vindictive prosecution claim implicated "the very power of the State to bring the defendant to court to answer the charge brought against him." 417 U.S. at 30, 94 S.Ct. at 2103.[5] The Supreme Court explicitly stated that the defendant's right to be free of vindictive prosecution is a "right not to be haled into court at all upon the felony charge." *Id.* "The very initiation of the proceedings against him in the Superior Court thus operates to deny him due process of law." *Id.* at 30–31, 94 S.Ct. at 2103–04; *see Abney*, 431 U.S. at 659–60, 97 S.Ct. at 2040–41 (citing *Blackledge*).

The *Blackledge* decision was thus rooted in a desire to prevent fear of vindictiveness from chilling defendants' exercise of their rights. Even if a conviction is subsequently reversed, the anxiety produced by the increased risk involved in standing trial on the new charges and the added expense and difficulty of defending against the charges would deter defendants from utilizing procedural rights. It is the state's power to harass a defendant—"subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty," *Green v. United States*, 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957) (Justice Black describing purpose of double jeopardy clause)—which underlies the prohibition against twice placing an individual in jeopardy. The same concerns govern a claim of vindictive prosecution under the facts of *Blackledge*. Although the remedy for violation of many rights is dismissal and thus granting the remedy before trial would eliminate the burdens of standing trial, the elimination of the costs and anxieties of trial would be incidental to the vindication of these rights. *See MacDonald*, 435 U.S. at 860 n.7, 98 S.Ct. at 1552 n.7. But in the case of vindictive prosecution, the state must be prevented from imposing these burdens in order to vindicate the policy underlying the vindictive prosecution decisions. I therefore conclude that the denial of a motion based on a claim of vindictive prosecution under *Blackledge* is a collateral order under *Cohen* and thus is appealable before a final decision on the merits of the case.[6]

**5.** In *Blackledge*, the defendant pled guilty to the second charge. Thus the Court had to decide whether vindictive prosecution implicated the state's power to bring the defendant into court or whether it was a defect which could be waived, like other violations of constitutional rights, by the entry of a guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

**6.** The procedure by which we request the district court to certify whether a motion to dismiss based on the double jeopardy clause is frivolous or not should also apply to interlocutory appeals based on allegations of vindictive prosecution. I emphasize that only colorable claims of vindictive prosecution within the confines of the principles articulated in *Blackledge* —claims revealing the assertion of a procedural right and a prosecutor's consequent elevation of defendant's risk—give rise to an appealable order.

In the event the district court indicates that a motion to dismiss is frivolous, this court should entertain the request for stay only through application for a writ of mandamus.

I also feel that motions to dismiss on grounds of either double jeopardy or vindictiveness in prosecution should be made by a defendant at the earliest possible time after indictment. Timeliness of the motion to dismiss may be a substantial factor in this court's decision to stay the proceedings in the district court pending disposition of the appeal. *See United States v. Wilson*, 639 F.2d 500, 502 n.1 (9th Cir. 1981) (noting that filing of frivolous motions alleging vindictive prosecution has caused delay in the Ninth Circuit).