956 F.2d 1162
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MANAGEMENT SCIENCE AMERICA INCORPORATED, Plaintiff-Appellee,
v.
Keith K. McMUYA, a/k/a Keith McMula, a/k/a Kabaya Muy
Nkongolo, individually and in his official
capacity as representative of Management
Systems Automation,
Incorporated,
Defendant-Appellant,
and
Management Systems Automation, Incorporated, Defendant.
 Nos. 91-1188, 91-1236.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 28, 1992.
Decided March 4, 1992.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-90-380-R)
 Keith L. McMuya, appellant pro se.
 Amy Berman Jackson, William Daniel Quarles, Karl Anthony Racine, Venable, Baetjer, Howard & Civiletti, Washington, D.C., for appellee.
 D.Md.
 NO. 91-1188 DISMISSED AND NO. 91-1236 AFFIRMED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Keith McMuya (aka McMula) appeals from two orders of the district court. In No. 91-1188 he appeals from an order awarding damages of more than $500,000 against him. In No. 91-1236 he appeals from the denial of his motion for reconsideration of the order awarding damages. We dismiss the appeal in No. 91-1188 and affirm in No. 91-1236.
 
 
 2
 McMuya and a corporation operated by him, Management Systems Automation Inc. ("MSAI"), were sued by Management Science America Inc. for improperly copying and distributing computer software owned by the Plaintiff. The complaint alleged violations of the Maryland Uniform Trade Secrets Act and jurisdiction was based upon 28 U.S.C. § 1332 (1988). When McMuya and MSAI failed to respond, default was entered against them. McMuya's subsequent motion to set aside the default was denied, and the case was referred to a magistrate judge for a computation of damages.
 
 
 3
 McMuya appealed the district court's decision denying his motion to set aside the default. On January 4, 1991, while the appeal was pending, the district court adopted the magistrate judge's report and entered judgment against McMuya in the amount of $576,379.36. Subsequently, this Court upheld the district court's denial of the motion to set aside the default. Management Science Am. Inc. v. McMula, No. 90-3188 (4th Cir. July 8, 1991) (unpublished).* On August 12, 1991, McMuya's notice of appeal from the damage award was filed. This appeal was docketed as No. 91-1188.
 
 
 4
 McMuya subsequently filed a motion, pursuant to Fed.R.Civ.P. 60, for reconsideration of the order of January 4 assessing damages. The court denied this motion and McMuya filed a timely notice of appeal. This appeal was docketed as No. 91-1236 and consolidated with No. 91-1188.
 
 
 5
 McMuya filed his notice of appeal from the order awarding damages more than eight months after the district court entered the order. This was substantially beyond the time limits provided in Fed.R.App.P. 4(a)(1) and 4(a)(5) for perfecting an appeal. These time limits are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Because McMuya's appeal was filed more than eight months after the order was entered, it is untimely and this Court lacks jurisdiction to consider it. Accordingly, we deny leave to proceed in forma pauperis and dismiss the appeal in No. 91-1188 for lack of jurisdiction.
 
 
 6
 McMuya's appeal from the court's denial of his motion under Fed.R.Civ.P. 60 was timely, however, and we now turn to the merits of that appeal.
 
 
 7
 McMuya raised two issues in his motion for reconsideration: lack of subject matter jurisdiction and lack of jurisdiction to enter the award of damages. Jurisdiction was alleged to exist in the district court under 28 U.S.C. § 1332 (1988). McMuya contends that diversity did not exist because he is "a national of the United States, but not a citizen of any state." McMuya offers no support for this claim. The plaintiff is a Georgia corporation. Information in the record demonstrates that McMuya was domiciled in Maryland at the time this suit was filed. MSAI was a Delaware corporation. Accordingly, total diversity existed.
 
 
 8
 Generally, the filing of a notice of appeal divests the district court of all jurisdiction in a case, Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). Thus, while an appeal is pending a district court lacks the power to enter an order respecting damages. See Kopolow v. P.M. Holding Corp. (In re Modern Textile Inc.), 900 F.2d 1184, 1192-93 (8th Cir.1990); Garcia v. Burlington N.R.R., 818 F.2d 713, 721 (10th Cir.1987). However, this rule does not apply where the district court has certified the appeal to be frivolous. See Stewart v. Donges, 915 F.2d 572, 576-78 (10th Cir.1990); Apostol v. Gallion, 870 F.2d 1335, 1338 (7th Cir.1989); United States v. Grabinski, 674 F.2d 677, 679 (8th Cir.) (en banc), cert. denied, 459 U.S. 829 (1982); United States v. Dunbar, 611 F.2d 985, 987-88 (5th Cir.) (en banc), cert. denied, 447 U.S. 926 (1980). In the present case the district court certified McMuya's appeal as frivolous and it therefore retained jurisdiction to enter the award of damages.
 
 
 9
 Accordingly, we grant leave to proceed in forma pauperis and affirm the decision of the district court in No. 91-1236. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 No. 91-1188, DISMISSED.
 
 
 11
 No. 91-1236, AFFIRMED.
 
 
 
 *
 This Court had jurisdiction over McMuya's previous appeal because the order appealed from included a refusal to set aside an injunction. See 28 U.S.C. § 1292(a)(1); Kerwit Med. Products, Inc. v. N. & H. Instruments, Inc., 616 F.2d 833, 836 (5th Cir.1980)