UNITED STATES of America,
Plaintiff–Appellee,

v.

Peter PI;  Cor–Bon Custom Bullet
Company, Defendants–
Appellants.

No. 98–1119.

United States Court of Appeals,
Sixth Circuit.

Argued March 15, 1999.

Decided April 12, 1999.

Stephen J. Dunn (argued and briefed), Troy, Michigan, for Defendants–Appellants.

Krishna S. Dighe (argued and briefed), Office of U.S. Attorney, Detroit, Michigan, for Plaintiff–Appellee.

Before: JONES, CONTIE, and MOORE, Circuit Judges.

## OPINION

CONTIE, Circuit Judge.

Defendants-appellants, Peter Pi and Cor–Bon Custom Bullet Company, appeal the district court's refusal to dismiss the indictment in this case. For the following reasons, we affirm the district court.

### I.

Since 1990, defendant Peter Pi, through his company and co-defendant Cor–Bon Custom Bullet Company ("Cor–Bon"), has been in the business of manufacturing ammunition for firearms. In 1995, an employee of Cor–Bon brought to the attention of the Bureau of Alcohol, Tobacco and Firearms ("ATF") the fact that Cor–Bon, under the direction of Mr. Pi, had been significantly under-reporting its sales of ammunition in order to reduce its excise tax liability. Subsequently, the ATF investigated and examined Cor–Bon's tax and business records and concluded that Cor–Bon had grossly understated its sales to its distributors, resulting in hundreds of thousands of dollars of reduced tax liability.

On June 26, 1997, a federal grand jury in Detroit indicted defendants Pi and Cor–Bon, charging them with eighteen counts of tax evasion. In the original indictment, the statutory section defendants were alleged to have violated was 26 U.S.C. § 7202. On July 18, 1997, defendants filed a motion to dismiss the indictment, arguing that section 7202, which charges failure to collect, account for and pay excise taxes, did not apply to them because they had no obligation to collect taxes from a third party. Defendants also moved for the dismissal of counts one through twelve of the indictment as time-barred. On August 26, 1997, the United States responded to the motion and agreed that section 7202 did not describe the illegal conduct defendants had engaged in. The United States agreed that the first indictment should be dismissed and informed defendants of its intent to seek a superseding indictment.

On the next day, August 27, 1997, the grand jury returned a first superseding indictment, charging defendants with violating 26 U.S.C. § 7201, evading the payment of taxes, in sixteen counts, involving sixteen quarters from the second quarter of 1991 through the first quarter of 1995. On August 29, 1997, the district court granted the motion to dismiss the original indictment based on the government's response.

On September 30, 1997, defendants moved to dismiss the first superseding indictment on the grounds that the dismissal of the original indictment constituted *res judicata* which barred the filing of the superseding indictment. They also argued that count one was barred by the statute of limitations. The government filed its opposition to this motion to which defendants replied. On January 7, 1998, the district court denied defendants' motion to dismiss the superseding indictment, rejecting their argument that the indictment was barred by the doctrine of *res judicata*, because the court found the original indictment had been dismissed merely for citing the wrong statute, and the doctrine of *res judicata* did not apply. Defendants filed a notice of appeal from the order of the district court denying their motion to dismiss the superseding indictment as being barred by *res judicata* and the statute of

limitations. On February 6, 1998, the defendants were directed to show cause why their appeal should not be dismissed for lack of appellate jurisdiction because the denial of a motion to dismiss an indictment is not a final order and generally is not appealable. *See United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 264, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982) (per curiam). The defendants responded to the show cause order, arguing that the denial of their motion to dismiss the indictment on *res judicata* grounds is an appealable collateral order according to the Supreme Court opinion in *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

On March 16, 1998, a motions panel of this court issued an order allowing the appeal to proceed at the time, because the court was uncertain whether *Abney* applied in the present case, but directed the parties to address the issue of appellate jurisdiction in their briefs and referred the case to the panel assigned to hear it on the merits.

## II.

■ We therefore must first decide whether this court has appellate jurisdiction to hear this appeal. It is axiomatic that this court's jurisdiction is defined by statute. *Id.* at 656. The statute applicable here is 28 U.S.C. § 1291, which grants this court "jurisdiction of appeals from all final decisions of the district courts of the United States...." A pretrial order denying a defendant's motion to dismiss an indictment is not normally an appealable "final decision" under this section. *See United States v. MacDonald*, 435 U.S. 850, 853–54, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); *Hoffa v. Gray*, 323 F.2d 178, 179 (6th Cir.), *cert. denied*, 375 U.S. 907, 84 S.Ct. 199, 11 L.Ed.2d 147 (1963).

The Supreme Court has held, however, that § 1291 does not limit appellate juris-diction to review of "those final judgments which terminate an action" and has allowed interlocutory appeals in certain instances under the collateral order doctrine. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Cohen*, the Court stated that in order to come within the "small class" of decisions excepted from the final-judgment rule, the order from which a party appeals must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. *Id.See also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

A defendant's right under the Fifth Amendment not to be twice put in jeopardy for the same offense would be lost irreparably if the right could be raised only following conviction at a second trial.[1] Therefore in *Abney*, 431 U.S. at 658–59, the Supreme Court held that denial of a pretrial motion to dismiss an indictment on double jeopardy grounds is immediately reviewable in the court of appeals as a "collateral order" under *Cohen*. In *Abney*, the Supreme Court permitted a criminal defendant to appeal the denial of his motion to dismiss the indictment on the grounds that it violated his right against double jeopardy after there had already been a trial and final judgment under a prior indictment. The Court reasoned that this right would be lost if the defendant were forced to stand trial a second time. *Id.* at 661.

In a footnote in *Abney*, the Supreme Court addressed the issue of the possibility of a defendant's raising frivolous double jeopardy claims in order to circumvent the final judgment rule of 28 U.S.C. § 1291, stating:

> Admittedly, our holding may encourage some defendants to engage in dilatory [interlocutory] appeals.... However,

---

1. The text of the Double Jeopardy Clause of the Fifth Amendment reads: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

we believe that such problems of delay can be obviated by rules or policies giving such appeals expedited treatment. It is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims of former jeopardy. 431 U.S. at 662 n. 8. *See also Richardson v. United States,* 468 U.S. 317, 322, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). Thus, the lower courts may develop expedited procedures to weed out frivolous double jeopardy claims, and several circuits have done so. *See United States v. Ivory,* 29 F.3d 1307, 1310 (8th Cir.1994); *United States v. LaMere,* 951 F.2d 1106, 1108 (9th Cir.1991); *United States v. Dunbar,* 611 F.2d 985, 987–89 (5th Cir.), *cert. denied,* 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980); *United States v. Inmon,* 568 F.2d 326, 332 (3rd Cir.1977), *cert. denied,* 444 U.S. 859, 100 S.Ct. 121, 62 L.Ed.2d 79 (1979).

■ In *United States v. Lanci,* 669 F.2d 391, 394 (6th Cir.), *cert. denied,* 457 U.S. 1134, 102 S.Ct. 2960, 73 L.Ed.2d 1350 (1982), defendants had taken an interlocutory appeal to this court from the district court's denial of their motions to dismiss the indictment on double jeopardy grounds. In an unpublished order, this court had found that the double jeopardy claim had no merit. During the pendency of the interlocutory appeal, the district court proceeded to trial. In *Lanci,* this court determined that the district court had jurisdiction to proceed, having determined that the interlocutory appeal lacked any "colorable foundation." *Id.* In the present case, the district court did not consider the issue of jurisdiction, and the motions panel declined to dismiss the appeal summarily. Given the procedural posture of this case, we believe we must exercise jurisdiction to the extent necessary to determine whether or not defendants' double jeopardy claim is colorable.

■ In *United States v. MacDonald,* 435 U.S. at 862, the Supreme Court indicated that an appealable double jeopardy claim under the collateral order doctrine requires at least a colorable showing that the defendant once before has been in jeopardy of federal conviction on the same or a related offense. In the present case, defendants cannot bring a viable claim of former jeopardy, because, unlike *Abney,* there has been no prior trial. Defendants have not been put to trial on the charges in either the original indictment, which was dismissed because it contained the wrong statute, or under the first superseding indictment, and there has never been a final judgment. Therefore, the concerns of the double jeopardy clause simply do not arise in the present case. The Fifth Amendment's guarantee against double jeopardy assures an individual that he will not be forced to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). The doctrine of *res judicata* bars subsequent litigation between parties on matters that have previously been fully and finally adjudicated because of the double jeopardy clause guarantee against being twice put to trial for the same offense. *See United States v. Jenkins,* 902 F.2d 459, 462 (6th Cir.1990); *United States v. Schaffner,* 771 F.2d 149, 152 (6th Cir.1985). In the present case, defendants have not gone through a criminal trial under the first indictment, which was dismissed merely for citing the wrong statute. Dismissal of an indictment prior to trial simply does not raise any double jeopardy issues and does not bar subsequent prosecution for criminal acts described in that indictment under the doctrine of *res judicata. United States v. Senak,* 477 F.2d 304, 306 (7th Cir.) ("[a] federal grand jury may return a second indictment for the same offense when the first indictment has been dismissed or otherwise found defective"), *cert. denied,* 414 U.S. 856, 94 S.Ct. 157, 38 L.Ed.2d 105 (1973); *United States v. Root,* 366 F.2d 377, 383 (9th Cir.1966) (the contention that the dismissal of one

count of the indictment is *res judicata* is untenable and does not preclude the filing of a superseding indictment), *cert. denied,* 386 U.S. 912, 87 S.Ct. 861, 17 L.Ed.2d 784 (1967); *Robinson v. United States,* 284 F.2d 775, 776 (5th Cir.1960) (dismissal of an indictment does not give rise to the defense of *res judicata* in another case involving the same offense). In addition, Fed.R.Crim.P. 12(h) provides that an indictment dismissed because of a defect may be superseded by a new indictment.

The cases on which defendants rely are distinguishable, because most are civil cases that involve dismissal of a subsequent action after a final judgment on the merits in the same case. *See Ruple v. City of Vermillion,* 714 F.2d 860, 862 (8th Cir.1983) (state court dismissal of action on summary judgment grounds is final and just as binding as a judgment entered after trial), *cert. denied,* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *Weston Funding Corp. v. Lafayette Towers, Inc.,* 550 F.2d 710, 715 (2nd Cir.1977) (failure to state a proper cause of action is a judgment on the merits). Defendants' reliance on *United States v. Oppenheimer,* 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916) is also misplaced. Defendants argue that in *Oppenheimer,* which involved bankruptcy fraud, dismissal of an earlier indictment was a final judgment on the merits which raised a *res judicata* bar against a second indictment. Defendants read *Oppenheimer* too broadly to include any superseding indictment. In *Oppenheimer,* the district court dismissed the indictment as barred by a one-year statute of limitations for bankruptcy offenses, and this decision was not appealed. Later, the Supreme Court held in another case that the one-year statute of limitations did not bar prosecution of the offense for which Oppenheimer had been indicted. The government then re-indicted Oppenheimer for the same of-fense. The Supreme Court was concerned with a specific abuse of the indictment process—re-indictment after a first indictment had failed on statute of limitations grounds. *Id.* at 87. The Court stated:

It cannot be that a judgment of acquittal on the ground of the statute of limitations is less a protection against a second trial than a judgment upon the ground of innocence.

*Id.* The Court held that "a plea of the statute of limitations is a plea to the merits," which is a bar to a second indictment in the same words. *Id.* As the Court stated, "when a man once has been acquitted on the merits, ... the Government [cannot] prosecute him a second time." *Id.* at 88. In contrast, in regard to the present case, dismissal of an indictment for failure to cite the right statute is not a decision or acquittal on the merits, and there is no bar to a superseding indictment. For these reasons, we find that defendants' *res judicata* and double jeopardy claims have no merit.

In *Richardson v. United States,* 468 U.S. at 318, the Supreme Court reviewed the defendant-petitioner's double jeopardy claim. The jury trying petitioner acquitted him of several counts, but was unable to agree on others. The district court declared a mistrial as to these counts and set them for retrial. The petitioner moved to bar his retrial, claiming that a second trial would violate the Double Jeopardy Clause of the Fifth Amendment because evidence sufficient to convict on the remaining counts had not been presented by the government at the first trial. After rejecting the claim on the merits, the Court then stated:

It follows logically from our holding today that claims of double jeopardy such as petitioner's are no longer "colorable" double jeopardy claims which may be appealed before final judgment. A colorable claim, of course, presupposes that there is some possible validity to a claim. Since no set of facts will support the assertion of a claim of double jeopardy like petitioner's in the future, there is no possibility that a defendant's double jeopardy rights will be violated by a new trial, and there is no need to interpose

the delay of appellate review before a second trial can begin.

*Id.* at 326 n. 6.

■ We believe the same reasoning applies in the present case. Because there is no set of facts that will support assertion of a claim of double jeopardy like defendant's, it follows logically from our holding that in the future, claims of double jeopardy such as defendants' are not "colorable" double jeopardy claims which may be appealed before final judgment. *See Mac-Donald,* 435 U.S. at 862. We find that there is no possibility that a defendant's double jeopardy rights will be violated when an indictment, which cites the wrong statute, is dismissed prior to trial, and a superseding indictment is filed. Because there is no possible validity of such a claim, in the future such a claim is not appealable under the collateral order doctrine.

To conclude, we find the district court did not err in denying the motion to dismiss the indictment. In the present case, the dismissal of the original indictment did not in any way address the merits of the case, and no factual issues were decided. There was no prior trial or adjudication under the original indictment, as was the case in *Abney.* Therefore, there was no former jeopardy and there is no *res judicata* bar to the government's dismissal of the original indictment and then filing a superseding indictment. The district court is affirmed on this issue.

## III.

■ Defendants also appeal the district court's denial of their motion to dismiss Count One of the indictment on statute of limitations grounds. We find we do not have jurisdiction to hear this claim. The Supreme Court stated the following in *Abney:*

Our conclusion that a defendant may seek immediate appellate review of a district court's rejection of his double jeopardy claim is based on the special

considerations permeating claims of that nature which justify a departure from the normal rule of finality. Quite obviously, such considerations *do not extend beyond the claim of former jeopardy* and encompass other claims presented to, and rejected by, the district court in passing on the accused's motion to dismiss. Rather, such claims are appealable if, and only if, they too fall within *Cohen's* collateral-order exception to the final-judgment rule. Any other rule would encourage criminal defendants to seek review of, or assert, frivolous double jeopardy claims in order to bring more serious, but otherwise nonappealable questions to the attention of the courts of appeals prior to conviction and sentence.

*Id.* at 663 (emphasis added).

Under this reasoning, although the Court in *Abney* allowed prejudgment review of the double jeopardy claim, it declined to extend review to a sufficiency of the indictment claim. *Id.* In refusing to extend review, the Court noted that such action would encourage parties to seek review of a frivolous appealable claim as a vehicle to secure review of other nonappealable determinations. *Id.* In the present case, we believe this is what has occured in regard to the statute of limitations claim. It is well settled law that an order denying a motion to dismiss an indictment on statute of limitations grounds is not immediately appealable under the collateral order doctrine. *United States v. Davis,* 873 F.2d 900, 908–09 (6th Cir.)(court concludes it lacks jurisdiction to entertain a pretrial appeal from the district court's ruling on the statute of limitations question even though it had jurisdiction to hear double jeopardy issues under the collateral order exception to the final judgment rule), *cert. denied,* 493 U.S. 923, 110 S.Ct. 292, 107 L.Ed.2d 271 (1989); *See also United States v. Weiss,* 7 F.3d 1088, 1089–90 (2nd Cir. 1993).

Moreover, the motions panel in its order of February 6, 1998, has already decided

this issue, stating that an order denying a motion to dismiss on statute of limitations grounds is not immediately appealable. For these reasons, we find we do not have appellate jurisdiction to hear the merits of defendants' statute of limitations claim on interlocutory appeal. Defendants, however, retain the right to raise the validity of their statute of limitations claim on appeal from a final judgment by the district court. *United States v. Ivory*, 29 F.3d at 1312.

## IV.

To conclude, we find that the district court did not err in refusing to dismiss the indictment because the indictment did not violate the double jeopardy clause and was not barred by the doctrine of *res judicata.*

We decline to hear defendants' statute of limitations claim in this interlocutory appeal for lack of appellate jurisdiction.

The district court is **AFFIRMED**, and the case is **REMANDED** to the district court for proceedings consistent with this opinion.